UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

────────────────────────────────

MICHAEL LEE,
        a/k/a Michael J. Lee,

                        Plaintiff,

        v.                                          9:13-CV-1504
                                                    (MAD/TWD)
STRASSESBERGER, et al.,

                        Defendants.

────────────────────────────────

APPEARANCES:

MICHAEL LEE
  a/k/a Michael J. Lee
11-A-5703
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.     INTRODUCTION**

        Currently before the Court in this pro se civil rights action filed by Michael Lee, a/k/a/

Michael J. Lee, is plaintiff's motion for preliminary injunctive relief.  Dkt. No. 74.  For the

reasons set forth below, plaintiff's motion is denied.

**II.    RELEVANT BACKGROUND**

        In this action brought pursuant to 42 U.S.C. § 1983, plaintiff asserts numerous claims

arising out of events which occurred in April 2013 at Marcy Correctional Facility ("Marcy

C.F.").  *See generally* Dkt. No. 59 ("Second Am. Compl.").  Liberally construed, plaintiff

claims that he was disciplined in violation of his rights protected under the Fourteenth Amendment to the United States Constitution. *Id.* at 3-9.

Upon review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, plaintiff's second amended complaint was accepted for filing as to his Fourteenth Amendment Equal Protection and due process claims against defendants Strassesberger, Scarafile, Kelly, and Prack, provided that plaintiff timely waived his claims relating to the recommended loss of twelve months good time imposed as a disciplinary sanction. *See* Dkt. No. 66 ("September Order") at 9-10.

Plaintiff submitted the required waiver on September 30, 2015. Dkt. No. 69. On October 7, 2015, summonses were issued for service of process on the defendants. Dkt. No. 72. Defendants have appeared through counsel; their response to the second amended complaint is due January 15, 2016. Dkt. Nos. 81, 86.

## III.    DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id.*; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir.

2

2011).  However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo*, 638 F.3d at 406; *see also Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996).  Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[1]

"'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'"  *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted); *see also Scarbrough v. Evans*, No. 09-CV-0850, 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (Mordue, C.J.) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement).  Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action.  *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . binds only . . . the parties . . . ."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Slacks*, 2008 WL 2522075, at *1 n.1.

By his motion, plaintiff seeks an order of this Court directing officials at Clinton Correctional Facility (where he is presently confined) to assign him to protective custody

---

[1]  Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm.  18 U.S.C. § 3626(a)(2).  In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system.  18 U.S.C. § 3626(a)(1)(A).

status.  Dkt. No. 74.  Plaintiff states that he has received several threats and wants to be

placed in protective custody "for [his] safety and possible transfer to a less hostile and

poisoned prison facility."  *Id.* at 2.

Upon review of the file in this matter, and with due regard for plaintiff's status as a pro

se litigant, the Court finds that his motion for injunctive relief must be denied.  Plaintiff's

concerns regarding the conditions of his confinement at Clinton C.F. are not in any way

related to the due process and Equal Protection claims pending in this action, which arose at

Marcy C.F.  In addition, there are no facts alleged in plaintiff's motion which even suggest that

defendants are in any way involved in or responsible for his confinement status at Clinton

C.F.[2]

## IV.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that plaintiff's motion for a preliminary injunction (Dkt. No. 74) is **DENIED**;

and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

Dated: November 12, 2015
      Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge

---

[2] Plaintiff is of course free to pursue concerns regarding the conditions of his confinement at Clinton C.F. through administrative channels at the prison and the Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action.