**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL LEE,**

                                 **Plaintiff,**

      **vs.**                                  **9:13-CV-1504**
                                                **(MAD/TWD)**

**STRASSEBERGER**, *et. al.*,

                                 **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**MICHAEL LEE**
943 Fteley Ave., #2
Bronx, New York 10473
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **HELENA LYNCH, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On December 5, 2013, Plaintiff, while serving a sentence of incarceration in the custody

of the New York State Department of Corrections and Community Supervision ("DOCCS"),

brought this action pursuant to 42 U.S.C. § 1983.  Only Plaintiff's Fourteenth Amendment equal

protection claims against Defendants Strasseberger, Scarafile, Kelly, and Prack, DOCCS

employees, and due process claims against Defendants Scarafile, Kelly, and Prack, survived *sua*

*sponte* review.  *See* Dkt. No. 118 at 2.  After Plaintiff was released from DOCCS custody,

Plaintiff failed to provide a valid address to the Court, resulting in Defendants' Notice of

Deposition to Plaintiff, letter seeking confirmation that Plaintiff would attend a deposition

scheduled for June 30, 2016, and copy of a letter motion requesting that the Court order Plaintiff to (i) provide the Court with a current address by a certain date, and (ii) show cause why the Court should not recommend dismissal of his complaint if he failed to provide the Court with an updated address, to be returned as undeliverable. *See* Dkt. No. 118 at 3. On September 28, 2016, Magistrate Judge Dancks issued a Text Order notifying Plaintiff that the Court may find grounds for dismissal if Plaintiff failed to provide the Court with his current address by October 24, 2016. *See* Dkt. No. 102. Magistrate Judge Dancks attempted to mail a copy of this Text Order to Plaintiff, but it was returned as undeliverable on November 11, 2016. *See* Dkt. No. 106.

On November 17, 2016, Defendants moved to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b), as the Court had directed Defendants to do on October 28, 2016. Dkt. Nos. 105 & 107. The Court notified Plaintiff that his response to Defendants' motion was due December 5, 2016. Text Entry dated Nov. 17, 2016. On December 2, 2016, the copy of that notice sent to Plaintiff was returned as undeliverable. Dkt. No. 109.

On December 22, 2016, Plaintiff filed a Notice of Change of Address and his opposition to Defendants' motion to dismiss. Dkt. Nos. 110, 111. Plaintiff explained that, as a result of his long term incarceration and his lack of family ties, he "faced hardships [that] come along with this reality." Dkt. No. 111 at 1. Plaintiff stated that he was enrolled in a government program entitled "HASA" towards which his "responsibilities . . . are tremendous," and requested that Defendants "postpone" the deposition date so as to not interfere with Plaintiff's doctor's appointments relating to his treatment for a medical condition or his responsibilities with HASA. *Id.* at 2.

On January 6, 2017, Defendants filed a reply and sent it to Plaintiff's new address, which was returned as undeliverable, according to Defendants. Dkt. No. 114. By Text Order entered May 3, 2017, the Court granted Defendants' letter motion to file a surreply. Dkt. Nos. 114, 116.

A copy of this order was sent to Plaintiff's new address, and was returned as undeliverable.  Dkt.

No. 117.

Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f the

plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to

dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Courts balance the following

factors when determining whether dismissal is appropriate under Rule 41(b):

> "(1) the duration of the plaintiff's failure to comply with the court
> order; (2) whether the plaintiff was on notice that failure to comply
> would result in dismissal; (3) whether the defendants are likely to
> be prejudiced by further delay in the proceedings; (4) a balancing of
> the court's interest in managing its docket with the plaintiff's
> interest in receiving a fair chance to be heard; and (5) whether the
> judge has adequately considered a sanction less drastic than
> dismissal.                                                            "

*U.S. ex rel Roundtree v. Health & Hosps. Police Dep't of N.Y.*, No. 06 Civ. 212, 2007 WL

1428428, *1 (S.D.N.Y. May 14, 2007) (quoting *Spencer v. Doe*, 139 F.3d 107, 112-113 (2d Cir.

1998)).  "A district court need not exhaustively discuss the above factors on the record in order to

be affirmed on appeal.  However, 'notions of simple fairness suggest that a pro se litigant should

receive an explanation before his or her suit is thrown out of court.'"  *Id.* (quoting *Lucas v. Miles*,

84 F.3d 532, 535 (2d Cir. 1996)).

District courts have dismissed cases for failure to prosecute in similar situations as the one

presented here.  *See, e.g.*, *Roundtree*, 2007 WL 1428428, at *2 ("[A] lawsuit cannot continue

where the plaintiff fails to disclose his new address to his adversary and to the Court.  This is

especially true where, as here, plaintiff has had no contact with the Court or his adversary for a

significant period of time.  Accordingly, . . . this case is dismissed . . . ."); *Torres v. Goord*, No.

9:06-CV-750, 2007 WL 1299183, *3 (N.D.N.Y. May 1, 2007) ("Without an updated address from

plaintiff there is no way to contact him or to consider any sanctions other than dismissal.

Although plaintiff certainly has a right to have his day in court, he does not appear to be interested in that right based on his failure to notify the court of his address").

Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Here, Plaintiff failed to take any action in this case for approximately seven months, which meets the requirement of N.D.N.Y.L.R. 41.2(a) and the "significant period of time" standard evoked in *Roundtree. See, e.g.*, *Roundtree*, 2007 WL 1428428, at *2 (discussing how the plaintiff had not responded to any orders or motions for four months before the court dismissed the case). Defendants continue to be prejudiced by Plaintiff's failure to respond in a timely and reliable manner to the Court's directives, and the Court suffers from Plaintiff's failure to provide a valid address by preventing the orderly and expeditious disposition of cases; such a failure has been found in this district to be grounds for dismissal. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y. Aug. 22, 1996). Defendants have also not been able to engage in any kind of discovery or even attend an initial conference due to Plaintiff's failure to provide a valid address.

Additionally, Local Rule 41.2(b) provides that failure to notify the Clerk's Office and all parties of any change in a plaintiff's address "may result in the dismissal of this action." N.D.N.Y.L.R. 41.2(b); *see also Dansby v. Albany County Correctional Facility Staff*, No. 95-CV-1525, 1996 WL 172699, *1 (N.D.N.Y. Apr. 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). In the present matter, Plaintiff notified the Court of his change in address twice, but neither address was valid for the purposes of delivering court orders and notices from Defendants. Although Plaintiff has responded to some court orders, his responses have been sporadic. In the order dated September 28, 2016, Magistrate Judge Dancks's warned Plaintiff that

his failure to file a change of address may be grounds for dismissal for failure to prosecute and failure to follow Court orders. *See* Dkt. No. 102.

The mere fact that Plaintiff did not receive a copy of the various orders from the Court does not save his case from dismissal. *See Roundtree*, 2007 WL 1428428, at *2 (citing *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 443 (W.D.N.Y. 1997)). Likewise, Plaintiff's status as a *pro se* litigant does not save his case from dismissal. *See id.* (citing *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)). As courts have stated, "[t]he demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Torres*, 2007 WL 1299183, at *2 (quotation and emphasis omitted). Plaintiff has failed to meet this obvious minimal requirement.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks's August 3, 2017 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion to dismiss for lack of prosecution (Dkt. No. 107) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 8, 2017
         Albany, New York

Mae A. D'Agostino
U.S. District Judge